# United States District Court

## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

V.

ZHOU HUA NI

**WARRANT FOR ARREST**

CASE NUMBER: CR, 04-325, J (4)

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **ZHOU HUA NI** and bring him or her forthwith to the nearest magistrate judge to answer a(n)

( x ) Indictment    ( ) Information    ( ) Complaint    ( ) Order of Court    ( ) Probation Violation Petition    ( ) Supervised Release Violation Petition    ( ) Violation Notice

charging him or her with CONSPIRACY TO UNLAWFULLY OBTAIN IMMIGRATION DOCUMENTS, FRAUDULENT PROCUREMENT OF IMMIGRATION DOCUMENTS, AND PASSPORT FRAUD

in violation of Title 18 United States Code, Section(s) 1546(a), 1542, 1425(a), 371 & 2

**LORETTA G. WHYTE**
Name of Issuing Officer

**CLERK**
Title of Issuing Officer

Signature of Issuing Officer
*StephanieKall*
(By) Deputy Clerk

**October 28, 2004** New Orleans, Louisiana
Date and Location

Bail fixed at $_____ by _____
Name _____ Judicial Officer

**COPY**

RETURN

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME ____ E O____RESTING OFFICE____ | SIG____TURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

The Grand Jury charges that:

## COUNT

### (CONSPIRACY TO OBTAIN IMMIGRATION DOCUMENTS)

**A.    AT ALL TIMES MATERIAL HEREIN:**

1. The United States Immigration and Naturalization Service ("INS"), prior to March 1, 2003, the effective date of the Homeland Security Act, was an agency of the United States charged with the duty and responsibility of enforcing the Immigration and Nationality Act and other such laws relating to immigration, admission, exclusion and deportation.

2. On March 1, 2003, pursuant to the Homeland Security Act, the service functions of the former INS, including the processing and adjudication of petitions for visas and naturalization, and the processing and issuance of alien registration receipt cards, were transferred to the Bureau of Citizenship and Immigration Services ("BCIS") of the United States Department of Homeland Security.

3. On March 1, 2003, pursuant to the Homeland Security Act, the law enforcement investigative functions of the former INS were transferred to the Bureau of Immigration and Customs Enforcement ("BICE") of the United States Department of Homeland Security.

4. An <u>alien</u> is any person not a citizen, national, or naturalized citizen of the United States.



- 2 -

5. A <u>lawful permanent resident</u> is an alien to whom the BCIS, or INS (formerly), has granted permanent resident status. A lawful permanent resident may apply to become a naturalized citizen after meeting statutory requirements.

6. A <u>naturalization certificate</u> is a document issued by the BCIS, or INS (formerly), to a person who is either not born in the United States or to a United States citizen which evidences rights of citizenship that have been granted to that person as if he or she were a native of the United States.

7. An <u>alien registration receipt card</u> is a card issued by the BCIS, or INS (formerly), to a lawful permanent resident which allows the bearer to leave and re-enter the United States and is evidence of authorized stay or employment in the United States. The first such cards to be issued were green in color, and although they have changed in color and design, they are still commonly referred to as "green cards" or "permanent resident cards."

8. The INS undercover Special Agent (hereinafter referred to as the "undercover agent") referenced herein represented himself to the defendants as being able to obtain authentic naturalization certificates and alien registration receipt cards from a fictitious corrupt individual employed by the IN[S]

- 3 -

COPY

B.  **THE CONSPIRACY**:

From on or about November 3, 1999, and continuing until on or about the date of the return of this indictment, in the Eastern District of Louisiana, the Middle District of Louisiana, and elsewhere, the defendants, YIU MING CHUNG, ZHANG CHEN, a/k/a "Zheng Chen," TAK KEUNG DICKY CHU, BIN LIN, WEI SHENG LIN, WEI XING LIN, KONG DA NI, KONG XIANG NI, ZHOU HUA NI, LI YUN SHANG, a/k/a "Wendy," XIA YUN SHANG, JIAN HUA WANG, SAN DING ZENG, and YONG ZHENG, a/k/a "Zheng Yong," did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to knowingly use, attempt to use, possess, obtain, accept, and receive documents prescribed by statute and regulation for entry into and as evidence of authorized stay or employment in the United States, knowing the same to be procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a).

C.  **OBJECTS AND PURPOSE OF THE CONSPIRACY**:

Among the objects and purposes of the conspiracy were to illegally purchase, possess, sell, and dispose of alien registration receipt cards (green cards) and naturalization certificates to and by persons not authorized by law to receive such official documents.

D. **ROLES IN THE CONSPIRACY:**

1. The defendant, **YIU MING CHUNG**, in addition to fraudulently purchasing a naturalization certificate on his own behalf, served as a broker for Chinese nationals and aliens unlawfully in the United States who sought to fraudulently purchase and obtain United States permanent resident alien cards and/or naturalization certificates.

2. The defendant, **LI YUN SHANG**, a/k/a "Wendy," served as a broker for Chinese nationals and aliens unlawfully in the United States who sought to fraudulently purchase and obtain United States permanent resident alien cards and/or naturalization certificates.

E. **OVERT ACTS:**

In furtherance of the conspiracy and to accomplish the purposes thereof, the defendants named below committed the following overt acts, among others, in the Eastern District of Louisiana and elsewhere:

1. On or about November 3, 1999, **YIU MING CHUNG** telephonically paged the undercover agent to call telephone number (504) 223-1333, which the undercover agent dialed and CHUNG answered.

2. On or about November 5, 1999, **YIU MING CHUNG** met with the undercover agent in Boutte, Louisiana inside the agent's Chevrolet Tahoe motor vehicle. CHUNG arranged for defendant **JIAN HUA WANG**, an associate of his who is a citizen of China and an illegal alien in the United States, to fraudulently obtain a genuine United States "green card" from the undercover agent for the price of $25,000.00 U.S. currency.



3.  On or about November 27, 1999, **YIU MING CHUNG** met with the undercover agent in Boutte, Louisiana. CHUNG signed documents in furtherance of obtaining a genuine "naturalization certificate" from the undercover agent.

4.  On or about November 27, 1999, **JIAN HUA WANG** met with the undercover agent in Boutte, Louisiana. WANG provided his fingerprints to the Undercover agent for the purpose of fraudulently obtaining a genuine United States "green card" and signed documents presented by the undercover agent for the same purpose.

5.  On or about January 18, 2000, **YIU MING CHUNG** and **JIAN HUA WANG** met with the undercover agent in Boutte, Louisiana at which time WANG took possession of a genuine United States "green card" in his name.

6.  On or about January 18, 2000, **YIU MING CHUNG** handed the undercover agent a sum of U.S. currency for the genuine United States "green card" in WANG'S name.

7.  On or about April 8, 2000, **YIU MING CHUNG** and **WEI SHENG LIN** met with the undercover agent in Boutte, Louisiana. At that time LIN provided his fingerprints to the undercover agent for the purpose of fraudulently obtaining a genuine United States "naturalization certificate."

8.  On or about May 15, 2000, **WEI SHENG LIN** met with the undercover agent in Boutte, Louisiana and took possession of a genuine "naturalization certificate."

9.  On or about July 21, 2000, **YIU MING CHUNG** and **SAN DING ZENG** met with the undercover agent in Boutte, Louisiana. ZENG provided his fingerprints to the undercover agent for the purpose of fraudulently obtaining a genuine United States "green card" and signed documents presented by the undercover for the same purpose.

10. On or about July 31, 2000, **WEI XING LIN** and **ZHOU HUA NI**, together with **YIU MING CHUNG**, met with the undercover agent in Boutte, Louisiana and provided information for the purpose of fraudulently obtaining genuine United States "green cards."



11. On or about August 27, 2000, **WEI XING LIN**, together with other co-conspirators known to the Grand Jury, met with the undercover agent in Baton Rouge, Louisiana and discussed obtaining a genuine United States "green card" for LIN.

12. On or about October 11, 2000, **WEI XING LIN** and **LI YUN SHANG**, a/k/a "Wendy," met with the undercover agent in Houma, Louisiana and discussed the purchase of "green cards."

13. On or about October 13, 2000, **WEI XING LIN** deposited or caused to be deposited by wire transfer approximately $5,000.31 into an undercover bank account maintained by the U.S. Government at Bank One in New Orleans, Louisiana.

14. On or about October 17, 2000, **WEI XING LIN** and **LI YUN SHANG**, a/k/a "Wendy," together with **YONG ZHENG**, met with the undercover agent in Houma, Louisiana at which time LIN took possession of a genuine United States "green card" in his name.

15. On or about October 30, 2000, **WEI XING LIN, ZHOU HUA NI, LI YUN SHANG**, a/k/a "Wendy," and **YONG ZHENG** met with the undercover agent in Houma, Louisiana. At that time, LIN and NI took possession of genuine United States "green cards" printed in their names.

16. On or about December 26, 2000, **XIA YUN SHANG** met with the undercover agent in Houma, Louisiana and provided fingerprints of herself and signed forms for the purpose of obtaining a genuine United States "green card."

17. On or about February 15, 2001, **KONG DA NI** deposited or caused to be deposited by wire transfer approximately $9,000.14 into an undercover bank account maintained by the U.S. Government at Bank One in New Orleans, Louisiana.

18. On or about February 23, 2001, **KONG DA NI** met with the undercover agent in Houma, Louisiana and took possession of a genuine United States "green card" in his name.

- 7 -



19. On or about February 23, 2001, BIN LIN met with the undercover agent in Houma, Louisiana and took possession of a genuine United States "green card" in his name.

20. On or about February 23, 2001, KONG XIANG NI met with the undercover agent in Houma, Louisiana and took possession of a genuine United States "green card" in his name.

21. On or about February 23, 2001, ZHANG CHEN met with the undercover agent in Houma, Louisiana and took possession of a genuine United States "green card" in his name.

22. On or about March 8, 2001, SAN DING ZENG and YIU MING CHUNG met with the undercover agent in Boutte, Louisiana. The purpose of the meeting was, in part, to acquire additional information for the purpose of processing ZENG for a genuine "green card" that he sought to obtain.

23. On or about May 1, 2001, SAN DING ZENG met with the undercover agent in Boutte, Louisiana and took possession of a genuine United States "green card" in his name.

24. On or about May 7, 2001, YIU MING CHUNG deposited or caused to be deposited by wire transfer approximately $8,333.97 into an undercover U.S. Government bank account maintained in the Cayman Islands with Scotia Bank, Ltd.

25. On or about May 9, 2001, YIU MING CHUNG deposited or caused to be deposited by wire transfer approximately $8,315.97 into an undercover U.S. Government bank account maintained in the Cayman Islands with Scotia Bank, Ltd.

26. On or about May 11, 2001, YIU MING CHUNG deposited or caused to be deposited by wire transfer approximately $8,332.97 into an undercover U.S. Government bank account maintained in the Cayman Islands with Scotia Bank, Ltd.



COPY

27.     On or about June 4, 2001, **TAK KEUNG DICKY CHU** and **YIU MING CHUNG** met with the undercover agent in Houma, Louisiana at which time CHU provided fingerprints of himself and signed forms for the purpose of obtaining a genuine United States "green card."

28.     On or about August 1, 2001, **LI YUN SHANG**, a/k/a "Wendy," met with the undercover agent in Houma, Louisiana and discussed the purchase of additional genuine United States "green cards" on behalf of other individuals seeking false immigration documents.

All in violation of Title 18, United States Code, Section 371.

## *(FRAUDULENT PROCUREMENT OF NATURALIZATION CERTIFICATES)*

### COUNT 2

From on or about November 27, 1999 to on or about April 8, 2000, in the Eastern District of Louisiana, and elsewhere, the defendant, **YIU MING CHUNG**, did knowingly and intentionally procure and attempt to procure, contrary to law, the naturalization of any person and documentary and other evidence of naturalization and of citizenship, that is, a "naturalization certificate" in the defendant's name, for which the defendant paid an undercover Special Agent with the Immigration and Naturalization Service the sum of ten thousand dollars ($10,000.00); all in violation of Title 18, United States Code, Section 1425(a).

### COUNT 3

From on or about April 8, 2000 to on or about May 15, 2000, in the Eastern District of Louisiana, and elsewhere, the defendants, **YIU MING CHUNG and WEI**



SHENG LIN, did knowingly and intentionally procure and attempt to procure, contrary to law, the naturalization of any person and documentary and other evidence of naturalization and of citizenship, that is, a "naturalization certificate" in the name of the defendant, WEI SHENG LIN, for which the defendants paid an undercover Special Agent of the Immigration and Naturalization Service the sum of ten thousand dollars ($10,000.00); all in violation of Title 18, United States Code, Sections 1425(a) and 2.

(*FRAUDULENT PROCUREMENT OF ALIEN REGISTRATION RECEIPT CARDS*)

## COUNT 4

On or about January 18, 2000, in the Eastern District of Louisiana, and elsewhere, the defendants, YIU MING CHUNG and JIAN HUA WANG, did knowingly and intentionally possess, obtain, accept, and receive an alien registration receipt card, which the defendants knew to be procured by fraud and unlawfully obtained, in that the defendants paid and caused to be paid to an undercover Special Agent of the Immigration and Naturalization Service a sum of United States currency for receipt of the immigration document; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 5

From on or about October 17, 2000 to on or about October 30, 2000, in the Eastern District of Louisiana, and elsewhere, the defendants, LI YUN SHANG, a/k/a "Wendy" and WEI XING LIN, did knowingly and intentionally possess, obtain, accept, and

- 10 -

receive an alien registration receipt card, which the defendants knew to be procured by fraud and unlawfully obtained, in that the defendants paid and caused to be paid to an undercover Special Agent of the Immigration and Naturalization Service a sum of United States currency for receipt of the immigration document; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

### COUNT 6

On or about October 30, 2000, in the Eastern District of Louisiana, and elsewhere, the defendants, LI YUN SHANG, a/k/a "Wendy" and ZHOU HUA NI, did knowingly and intentionally possess, obtain, accept, and receive an alien registration receipt card, which the defendants knew to be procured by fraud and unlawfully obtained, in that the defendants paid and caused to be paid to an undercover Special Agent of the Immigration and Naturalization Service a sum of United States currency for receipt of the immigration document; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

### COUNT 7

On or about January 2, 2001, in the Eastern District of Louisiana, and elsewhere, the defendants, LI YUN SHANG, a/k/a "Wendy" and YONG ZHENG, a/k/a "Zheng Yong," did knowingly and intentionally possess, obtain, accept, and receive an alien registration receipt card, which the defendants knew to be procured by fraud and unlawfully obtained, in that the defendants paid and caused to be paid to an undercover

- 11 -



Special Agent of the Immigration and Naturalization Service a sum of United States currency for receipt of the immigration document; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 8

On or about February 23, 2001, in the Eastern District of Louisiana, and elsewhere, the defendants, **LI YUN SHANG**, a/k/a "Wendy" and **KONG XIANG NI**, did knowingly and intentionally possess, obtain, accept, and receive an alien registration receipt card, which the defendants knew to be procured by fraud and unlawfully obtained, in that the defendants paid and caused to be paid to an undercover Special Agent of the Immigration and Naturalization Service a sum of United States currency for receipt of the immigration document; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 9

On or about February 23, 2001, in the Eastern District of Louisiana, and elsewhere, the defendants, **LI YUN SHANG**, a/k/a "Wendy" and **BIN LIN**, did knowingly and intentionally possess, obtain, accept, and receive an alien registration receipt card, which the defendants knew to be procured by fraud and unlawfully obtained, in that the defendants paid and caused to be paid to an undercover Special Agent of the Immigration and Naturalization Service a sum of United States currency for receipt of the



immigration document; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

### COUNT 10

On or about February 23, 2001, in the Eastern District of Louisiana, and elsewhere, the defendants, LI YUN SHANG, a/k/a "Wendy" and ZHANG CHEN, a/k/a "Zheng Chen," did knowingly and intentionally possess, obtain, accept, and receive an alien registration receipt card, which the defendants knew to be procured by fraud and unlawfully obtained, in that the defendants paid and caused to be paid to an undercover Special Agent of the Immigration and Naturalization Service a sum of United States currency for receipt of the immigration document; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

### COUNT 11

On or about February 23, 2001, in the Eastern District of Louisiana, and elsewhere, the defendants, LI YUN SHANG, a/k/a "Wendy" and KONG DA NI, did knowingly and intentionally use, attempt to use, possess, obtain, accept, and receive an alien registration receipt card, which the defendants knew to be procured by fraud and unlawfully obtained, in that the defendants paid and caused to be paid to an undercover Special Agent of the Immigration and Naturalization Service a sum of United States

currency for receipt of the immigration document; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 12

On or about February 23, 2001, in the Eastern District of Louisiana, and elsewhere, the defendant, **LI YUN SHANG**, a/k/a "Wendy," did knowingly and intentionally possess, obtain, accept, and receive an alien registration receipt card in the name of "Xia Yun Shang," which the defendant, **LI YUN SHANG**, a/k/a "Wendy," knew to be procured by fraud and unlawfully obtained; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 13

On or about March 23, 2001, in the Eastern District of Louisiana, and elsewhere, the defendant, **LI YUN SHANG**, a/k/a "Wendy," did knowingly and intentionally possess, obtain, accept, and receive an alien registration receipt card in the name of "Yong Zheng," which the defendant, **LI YUN SHANG**, a/k/a "Wendy," knew to be procured by fraud and unlawfully obtained; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 14

On or about May 1, 2001, in the Eastern District of Louisiana, and elsewhere, the defendants, **YIU MING CHUNG** and **SAN DING ZENG**, did knowingly and

- 14 -



intentionally possess, obtain, accept, and receive an alien registration receipt card, which the defendants knew to be procured by fraud and unlawfully obtained, in that the defendants paid and caused to be paid to an undercover Special Agent of the Immigration and Naturalization Service a sum of United States currency for receipt of the immigration document; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 15

On or about July 10, 2001, in the Eastern District of Louisiana, and elsewhere, the defendant, YIU MING CHUNG, did knowingly and intentionally possess, obtain, accept, and receive an alien registration receipt card in the name of "Tak Keung Dicky Chu," which the defendant, YIU MING CHUNG, knew to be procured by fraud and unlawfully obtained; all in violation of Title 18, United States Code, Sections 1546(a) and 2.

## (*PASSPORT FRAUD*)

## COUNT 16

On or about June 21, 2000, in the Eastern District of Louisiana, and elsewhere, the defendant, YIU MING CHUNG, did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that applying

- 15 -

for said passport the defendant represented his possession of a lawfully issued naturalization certificate, that is, Certificate of Naturalization Number 24190054, purportedly issued by the Commissioner of Immigration and Naturalization on December 9, 1999, which statement and representation he knew to be false; all in violation of Title 18, United States Code, Section 1542.

A TRUE BILL:

_____
FOREPERSON

_____
JIM LETTEN
United States Attorney
Louisiana Bar Roll No. 8517

_____
JAN MASELLI MANN
First Assistant United States Attorney
Chief, Criminal Division
Louisiana Bar Roll No. 9020

_____
PETER M. THOMSON
Assistant United States Attorney
Louisiana Bar Roll No. 2147

New Orleans, Louisiana
October 28, 2004

CLERK'S OFFICE
A TRUE COPY
OCT 28 2004
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, La.

COPY

- 16 -